IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MICHAEL HEINRICH, JR., | |
| Plaintiff, | Civil Action No. |
| v. | 2:19-CV-22-RWS |
| ALLIANCE PROPERTY SERVICES OF GEORGIA, a domestic profit corporation, & MATTHEW J. MEYERS, SR., | |
| Defendants. | |

## ORDER

This case comes before the Court on the Defendants' Motion for Appeal under 1292(b) [Dkt. 43] requesting an interlocutory appeal of the Court's prior Order [Dkt. 40], in which the Court dismissed their counterclaims as untimely.

"An interlocutory district court decision may be immediately appealable if the district court certifies that the order 'involves a controlling question of law as to which there is substantial ground for difference of opinion' and 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cty. Fla., 947 F.3d 1362, 1370 n. 6 (11th Cir. 2020) (citing 28 U.S.C. § 1292(b)). "The law is clear that whether to allow an interlocutory appeal of a non-final order is left

to the discretion of the district court." Simpson v. Carolina Builders Corp., 2006 WL 8435862, at *3 (N.D. Ga. May 1, 2006) (citing Swint v. Chambers County Commission, 514 U.S. 35, 47 (1995)).

The dispositive ruling in the Court's Order was the determination that Rule 15 precluded Alliance from amending its Answer in response to Heinrich's Amended Complaint to add a counterclaim and a new party.[1] Even assuming such a ruling involved a "controlling question of law as to which there is substantial ground for difference of opinion," allowing an interlocutory appeal would not materially advance the termination of the litigation—which, it must be remembered, primarily concerns Heinrich's FLSA claim.

Accordingly, the Motion for Appeal [Dkt. 43] is **DENIED**.

**SO ORDERED** this 9th day of March, 2020.

_____
**RICHARD W. STORY**
United States District Judge

---

[1] The additional discussion of subject matter jurisdiction was not central to the holding, so it does not affect the analysis here. Nevertheless, the Court notes that Alliance appears to have misunderstood the Court's analysis. The question was not whether the Court believed that Meyers in fact resided in one state or another. It was rather that Alliance failed to establish his citizenship, rendering its pleadings defective. This was Alliance's *affirmative* burden. Accordingly, its reliance on denials of facts alleged in Heinrich's complaint, while incorporating those same facts, was insufficient. By contrast, jurisdiction for Heinrich's claim was based on a federal statute, and so he, unlike the Defendants, had no burden to establish the citizenship of the parties.